*EX PARTE* JOHNSON.

A compromise agreed to by plaintiff in full discharge of all her interest in her father's estate approved by a judgment of the Circuit Court, included and released a fund derived and held by one of the executors as trustee for her under her father's will.

Before FRASER, J., Laurens, December, 1885.

This appeal was heard only by Mr. Justice McIver and Judge Hudson, acting associate justice, the other two justices of this court having been of counsel in the cause. The opinion of this court, and the statement of the case in 17 *S. C.*, 289, are sufficient for a proper understanding of the point involved in this appeal.

*Mr. George Westmoreland,* for appellant.

*Messrs. Holmes & Simpson* and *Ball & Watts,* contra.

May 19, 1886. The opinion of the court was delivered by

MR. JUSTICE HUDSON. The cause in which the aforesaid petition is filed, came before this court on appeal at the November term, A. D. 1881, and the judgment then rendered is

---

[1]This is the last of the cases of November Term, 1885.—REPORTER.

reported in 17 *S. C.*, pp. 289–313. Pursuant to that judgment the Circuit Court for the County of Laurens, September 25, 1882, by an appropriate order, made the judgment of this court the judgment of the Circuit Court, and referred it to C. D. Barksdale, master, "to state the accounts of the executors of the last will and testament of John Smith, deceased testator, for the purpose of carrying into effect the judgment of the Supreme Court," &c.

At a subsequent date, the present petitioner, Henry S. Johnson, was appointed trustee of the estate of Lucy W. Dickerson arising under the will of her father, John Smith, in the place of the former trustee, W. T. Smith, who was relieved of the trust. All the parties necessary to the determination of the controversy concerning the rights, interest, and estate of Mrs. Lucy W. Dickerson, and her children, having been thus brought before the Circuit Court, the master was ready to proceed with the reference. The object of the original action was to recover of the executors of John Smith's will, and of the trustee of the portion of Mrs. Dickerson and her children, all the estate devised and bequeathed to them by said will. The purpose of the reference to the master was to ascertain this entire interest under the principles laid down in the aforesaid judgment of this court.

The reference promised to involve a tedious accounting, the result of which was reasonably uncertain. In this attitude of the litigation, the parties agreed upon a settlement by way of compromise, the terms of which were that W. T. Smith and John E. Smith, executors, should pay to the trustee of Mrs. Dickerson and children the sum of eighteen thousand dollars "in full for their interest in the estate of John Smith," by a day stated, and should pay also the costs of the action, with a proviso, that the settlement should be sanctioned and approved by the Circuit Court. On due report of this compromise it was approved by the court, and its terms fulfilled and performed by the said executors, one of whom, W. T. Smith, was former trustee of the share of Mrs. Dickerson and children.

After this compromise settlement had been thus fulfilled, the present trustee, Henry S. Johnson, filed his petition in said original cause in which he seeks to recover of the former trus-

tee, W. T. Smith, seventeen hundred dollars of Georgia Railroad and Banking Company stock, which he alleges was in his hands as the property of said beneficiaries, and was not included in the agreement of compromise. This is resisted by the said executors, and upon a hearing on Circuit, that court adjudged that this stock was covered by the agreement, and dismissed the petition. The trustee, Henry S. Johnson, has appealed to this court to reverse said judgment.

We concur with the Circuit Judge in holding, that the eighteen thousand dollars is expressed to be "in full" of the share of Mrs. Dickerson and children in the estate of John Smith, deceased, and that there is no reservation of a right to make any additional demand of the executors or of the trustee, W. T. Smith. The compromise was in full of their entire share in said estate, and necessarily included whatever was in the hands of W. T. Smith, trustee, as well as what was in the hands of W. T. Smith and John E. Smith, as executors. The demand of the trustee, Henry S. Johnson, is in violation of the compromise, and was properly refused by the Circuit Court.

Wherefore it is the judgment of this court, that the judgment of the Circuit Court be affirmed, and the appeal dismissed.